ROBERT C. WEAVER JR., OSB #80135
Telephone: 503 228-3939
Fax: 503 226-0259
E-Mail: rweaver@gsblaw.com
Garvey Schubert Barer
Eleventh Floor
121 S.W. Morrison Street
Portland, Oregon 97204-3141

    Attorneys for Defendant

FILED 07 DEC 28 15:08 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>**CARDIOVASCULAR SURGICAL ASSOCIATES, INC.**<br><br>    Defendant. | Case No. CR 07-514-BR<br><br>**PETITION TO ENTER PLEA OF GUILTY; CERTIFICATE OF COUNSEL; ORDER ENTERING PLEA** |

The defendant represents to the court:

1.     My name is Stuart P. Hennessey. I am General Counsel for PeaceHealth, a Washington non-profit corporation ("PeaceHealth"). PeaceHealth is the parent corporation of Cardiovascular Surgical Associates, Inc. ("CVSA"). I am also the authorized Corporate Representative for CVSA.

2.     CVSA's attorney is Robert C. Weaver Jr.

///

3. CVSA's attorney and I have discussed CVSA's case fully. I have received a copy of the Information. I have read the Information, and I have discussed it with CVSA's attorney. CVSA's attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that CVSA might have in this case. I have been advised and understand that the elements of the charge(s) alleged against CVSA to which CVSA is pleading "GUILTY" are as follows:

*CVSA did knowingly steal and purloin the sum of $100 of moneys of the United States.*

4. I know that if CVSA pleads "GUILTY," I, as the designated corporate representative, will have to answer any questions that the judge will ask about the offenses to which CVSA is pleading guilty. I also know that if I answer falsely, under oath, and in the presence of CVSA's attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows:

*None*

I have not taken any drugs or medications within the past seven (7) days except as follows:

*None*

6. I know that CVSA may plead "NOT GUILTY" to any crime charged against it and that it may persist in that plea if it has already been made. I know that if CVSA pleads "NOT GUILTY" the Constitution guarantees it:

    a. The right to a speedy and public trial by jury, during which CVSA will be presumed to be innocent unless and until it is proven guilty by the government beyond a reasonable doubt and by the unanimous vote of 12 jurors;

///

      b.      The right to have the assistance of an attorney at all stages of the proceedings;

      c.      The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in its favor;

      d.      The right to see, hear, confront, and cross-examine all witnesses called to testify against CVSA;

      e.      The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

      f.      The right not to be compelled to incriminate myself.

7.      I know that if CVSA pleads "GUILTY" there will be no trial before either a judge or a jury, and that it will not be able to appeal from the judge's denial of any pretrial motions it may have filed concerning matters or issues not related to the court's jurisdiction.

8.      In this case CVSA is pleading "GUILTY" pursuant to a written plea agreement under Rule 11(c)(1)(C). CVSA's attorney has explained the effect of the plea under Rule 11(c)(1)(C) to be as follows:

CVSA's plea of guilty is under Rule 11(c)(1)(C); therefore, if the judge chooses to reject the sentence agreed upon between CVSA's lawyer and the United States Attorney, I will be given the opportunity to withdraw CVSA's pleas of guilty.

9.      I know the maximum sentence which can be imposed upon CVSA for the crime(s) to which it is pleading guilty is a fine of $200,000 or twice CVSA's monetary gain, and a term probation of up to five (5) years. I also know there is no mandatory minimum sentence.

10.      I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $125.00 per count of conviction; in this case $625.00.

11. I know that if CVSA is ordered to pay a fine, and it willfully refuses to pay that fine, CVSA can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased.

12. CVSA's attorney has discussed with me the Federal Sentencing Guidelines. I know that the Federal Sentencing Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including but not limited to: the nature and circumstance of the offense, CVSA's history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range establish by the advisory Guidelines. If CVSA's attorney or any other person has calculated a Guideline range for CVSA, I know that this is only advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in Paragraph 9, above.

13. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which CVSA pleads guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of the entry of judgment. If CVSA willfully refuses to pay restitution as ordered, a judge may resentence CVSA to any sentence which could originally have been imposed.

14. On any fine or restitution in an amount of $2,500 or more, I know that CVSA will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

15. If CVSA has another case pending in any state or federal court, I know that CVSA's Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to its other case(s), and that it can be faced with consecutive sentences.

16. CVSA's plea of "GUILTY" is based on a Plea Agreement that it has made with the United States Attorney. That Plea Agreement is attached hereto and incorporated herein. I have read and I understand the Plea Agreement.

17. The Plea Agreement contains the only agreement between the United States government and CVSA. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that CVSA will receive a lesser sentence, or any other form of leniency if it pleads "GUILTY" except as stated in the Plea Agreement. I understand that CVSA cannot rely on any promise or suggestion made to it by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of CVSA's plea of guilty.

18. CVSA's plea of "GUILTY" is not the result of force, threat, or intimidation.

19. I hereby request that the Court accept CVSA's plea of "GUILTY" to the following five (5) count Misdemeanor Information.

20. I know that the Court must be satisfied that a crime occurred and that CVSA committed that crime before CVSA's plea of "GUILTY" can be accepted.
With respect to the charge to which CVSA is pleading guilty, I represent that CVSA did the following acts and that the following facts are true:

During each of the years 1992 through and including 1996, in the District of Oregon, CVSA falsely billed and received $100 from a federal health insurance program, which moneys it was not entitled to receive.

21. I offer CVSA's plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Information, and with a full

understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me, with the assistance of my attorney, after reading all of the foregoing pages and paragraphs of this Petition on this 28th day of December, 2007.

_____
Stuart P. Hennessey
Representative for Cardiovascular Surgical Associates, Inc.

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Cardiovascular Surgical Associates, Inc., hereby certifies:

1.  I have fully explained to my client the allegations contained in the Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2.  I have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea, explained all its provisions to my client, and discussed them fully with Stuart P. Hennessey all matters described and referred to in the Petition.

3.  I have explained to my client the maximum penalty and other consequences of entering a plea of guilty described in paragraphs herein, and I have also explained to my client the applicable Federal Sentencing Guidelines.

4.  I recommend that the Court accept CVSA's plea of "GUILTY."

SIGNED by me in the presence of my client's authorized representative, and after full discussion with Stuart P. Hennessey, authorized corporate representative of Cardiovascular Surgical Associates, Inc. of the contents of the Petition To Enter Plea of Guilty, and accompanying Plea Agreement, on this 28th day of December, 2007.

Robert C. Weaver Jr., OSB #80135
Attorney for Defendant



U.S. Department of Justice
**Karin J. Immergut**
*United States Attorney*
*District of Oregon*
1000 S.W. Third Avenue, Suite 600    Office: (503)727-1000
Portland, OR 97204-2902    Fax: (503) 727-1117

December 17, 2007

Robert Weaver
Garvey Schubert Barer
11th Fl 121 SW Morrison St
Portland, OR 97204

      Re:    United States v. Cardiovascular Surgical Associates, Inc., CR 07-514-BR

Dear Mr. Weaver:

    1.    **Preamble**:    This agreement arises out of an investigation into the bills submitted to federally funded health care programs for assistants at surgery from 1993-2004, by the defendant, Cardiovascular Surgical Associates, Inc. ("CVSA" or "defendant"), through its agents, employees, or both, specifically the former-shareholder physicians (the Physicians). CVSA sought reimbursement from federally funded health care plans for the services of assistants at surgery when, in fact, the services of the assistants at surgery did not meet the requirements for reimbursement based on the regulations governing the federally funded health care plans. The potential criminal liability of CVSA for these billing practices, hereinafter the "Covered Conduct," is resolved through this plea agreement. This plea agreement is part of a larger global settlement agreement set forth in paragraph 2.

    2.    **Parties/Scope**:    This plea agreement ("Plea Agreement") is between this United States Attorney's Office (USAO) and CVSA. There are concurrent criminal, civil, and administrative investigations regarding the conduct of the Physicians and CVSA. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, the various parties have reached a full and final resolution of their disputes. This Agreement is one component of the resolution and is, therefore, dependent upon completion of the other aspects of that settlement, specifically: (1) the execution of and compliance with the Settlement Agreement by all parties to that agreement and payment of the monetary penalties contained therein ("Settlement Agreement"); (2) the execution of the Integrity Agreement by all parties to that agreement ("Integrity Agreement"); and (3) the execution of a separate diversion agreement between the USAO and the four doctors who were former shareholders of CVSA (Doctors' Diversion). This agreement combined with the execution of and compliance with the other aspects of the global settlement agreement resolves all civil claims and criminal liability related to the Covered Conduct with the USAO, the United States Department of Health and Human Services (HHS), the TRICARE Management Activity (TMA) through its General Counsel, the Office of Personnel Management (OPM), which administers the Federal Employees Health Benefits Program (FEHBP), and the Oregon Department of Justice (Oregon DOJ).

    3.    **Charges**: CVSA, through its authorized representatives, agrees to waive venue, and the statute of limitations and agrees to plead guilty to a five count Misdemeanor Information charging violations of 18 U.S.C. § 641, theft of government property, to be filed in the District of Oregon.

**ORIGINAL**

Robert Weaver
Re:   CVSA Plea Letter
Page 2

3.   **Charges**: CVSA, through its authorized representatives, agrees to waive venue, and the statute of limitations and agrees to plead guilty to a five count Misdemeanor Information charging violations of 18 U.S.C. § 641, theft of government property, to be filed in the District of Oregon.

4.   **Statutory Penalties**: Each count carries a maximum penalty of a fine of $200,000 or twice the pecuniary gain derived by CVSA (18 U.S.C. § 3571), a term of probation of not more than five years (18 U.S.C. § 3561(c)), and a $125 special fee assessment per count (18 U.S.C. § 3013). CVSA agrees to pay the $625 special assessment prior to sentencing.

5.   **Elements of the Offenses**: CVSA, through its authorized representative, acknowledges that it is aware of the nature and elements of the offense to which it is entering a guilty plea. The elements of the offense of theft of government property, 18 U.S.C. § 641, are as follows: CVSA did knowingly steal and purloin the sum of $100 of the moneys of the United States.

6.   **Sentencing Agreement**: Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the USAO and CVSA agree that CVSA will be sentenced to probation for a period of five years or until the date of its dissolution, which ever comes first. CVSA will also have to pay the mandatory special assessment ($625). This sentence has been agreed to because (1) this resolution is part of and dependent upon a global settlement, set forth more fully in paragraph 2, that fully addresses the government's interest in this matter and (2) CVSA is without assets to pay any fine.

7.   **Restitution**: The USAO acknowledges that as part of the global settlement it will receive a $2.5 million monetary settlement which covers all restitution in this matter and therefore, no independent restitution will be sought from CVSA.

8.   **Pre-Sentence Report**: The parties agree that pursuant to Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, they will place information in the record enabling the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the Probation Department conducting a Pre-sentence investigation and further agree to jointly recommend that the Court waive the preparation of the pre-sentence report in this matter and to sentence CVSA immediately upon the Court's acceptance of the guilty plea.

9.   **Nature of the Agreement**: CVSA and the USAO acknowledge that this Agreement is made pursuant to Rule 11(c)(1)(C) and Rule 11(c)(3) of the Federal Rules of Criminal Procedure. If the Court rejects any provision of the Agreement or seeks to impose a sentence, fine, or restitution other than that recommended by the parties, each party reserves the right to withdraw from this Agreement and CVSA may withdraw its guilty plea.

10.   **Waiver of Appeal**: CVSA knowingly, intelligently, and voluntarily waives its right to appeal its conviction in this case. CVSA similarly knowingly, intelligently, and voluntarily waives its right to appeal the sentence imposed by the court with the understanding that if the Court

Robert Weaver
Re: CVSA Plea Letter
Page 3

imposes a sentence, fine, or restitution different than the one agreed upon by the parties and memorialized in this agreement, the remedy is a withdrawal of the guilty plea. In addition, CVSA knowingly, intelligently, and voluntarily waives its right to bring a collateral challenge pursuant to 28 U.S.C. § 2255, against either its conviction, or the sentence, fine, or restitution imposed in this case, except for a claim of ineffective assistance of counsel.

11. **Breach of Agreement**: CVSA, through its authorized representatives, recognizes that the USAO has agreed not to prosecute all of the criminal conduct established by the evidence as committed by CVSA because of the this Agreement. If CVSA breaches this Agreement, withdraws its guilty plea, or the conditions set forth in paragraph 2 are not met, the USAO and Oregon DOJ retain the right to prosecute CVSA for all of the criminal violations established by the evidence. If the actions of CVSA or any of its agents, employees, or both breach this Agreement, CVSA will not be able to withdraw its guilty plea, and the USAO will be relieved of all of its obligations under this agreement.

12. **Statute of Limitations:** CVSA waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) CVSA's conviction is later vacated for any reason, (b) CVSA violates this agreement, or (c) CVSA's plea is later withdrawn.

13. **Corporate Authorization**: CVSA represents that it is authorized to enter into this Agreement. At the time of signing by CVSA's representative, CVSA shall provide the USAO with a written statement in the form of a corporate resolution or other appropriate paperwork certifying that CVSA is authorized to enter into and comply with all of the terms of this Agreement. CVSA represents that the representative who enters the guilty pleas will be authorized to do so.

///
///
///
///
///
///

///
///
///
///
///
///
///

Robert Weaver
Re: CVSA Plea Letter
Page 4

14. **Total Agreement**: This letter, together with the components of the global settlement described in paragraph 2, states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied.

Very truly yours,

KARIN J. IMMERGUT
United States Attorney

By:
KENT ROBINSON
First Assistant United States Attorney

ALLAN GARTEN
Assistant United States Attorney

AMY E. POTTER
Assistant United States Attorney

I am the authorized agent for CVSA and I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney. I am satisfied with the legal assistance provided to me by my attorney.

12/08/07
Date

Stu Hennessey
CVSA Authorized Representative

I represent CVSA as legal counsel. I have carefully reviewed and discussed every part of this agreement with CVSA and its representatives. To my knowledge CVSA's decision to enter into this agreement is an informed and voluntary one.

12/17/07
Date

Robert Weaver
Attorney for CVSA

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 28th of December, 2007, in open court.

_____
Honorable Anna J. Brown
Judge, U.S. District Court

PDX_DOCS:405633.1 [05011-01100]